*F. F. Cain v. Peoples Salary Loan Co.

Homer H. Sharp v. State of Ohio.

1. **Requirement That Brokers Dealing in Chattel Loans and Assignment of Wages be Licensed Held Constitutional.**

The exception in favor of banks and building associations, found in act 102 O. L. 469 (Gen. Code 6346-1 et seq.), licensing money lenders, does not violate the equality provision of either the federal or the state constitution, nor does it disregard the requirement of the state constitution that laws of a general nature shall be of uniform operation throughout the state.

*Affirmed, no op., Cain v. Loan Co. 88 O. S. 550.

**2. Provision Requiring Wife's Signature to Husband's Assignment of Wages Constitutional.**

> The provision of Gen. Code 4364-4, requiring an assignment of salary by one who is married to be signed by the husband and wife making the application for such assignment, is not a violation of the right of separate contract, inasmuch as it is within the police power of the state to protect families from the improvidence of one member.

ERROR to common pleas court.

*E. C. Morton, Q. R. Lane* and *Gumble & Gumble,* for plaintiffs in error.

*Timothy S. Hogan,* Atty. Gen., *Geo. B. Okey, H. R. Jones* and *B. W. Gearhardt,* for defendants in error.

## DUSTIN, J.

These cases were brought to test the constitutionality of an act entitled, "An act to regulate and license the loaning of money upon chattels or personal property of any kind, and the purchasing or making of loans upon salaries or wage earnings," being Gen. Code 6346-1, *et seq.*

Section 1 of the act provides that "No person, firm or corporation, except banks and building and loan associations shall engage or continue in the business of making loans upon chattels," etc., without first having obtained a license so to do from the secretary of state.

But no applicant is entitled to a license until he has given a bond in the sum of $2,000, which shall be available to any aggrieved person who shall procure a judgment against the lender and fail to collect same on execution. Further, a license fee is to be paid, certain records kept, copies of contracts given to borrowers, a limitation placed on the total fees and interest to be charged, a restriction against a married person assigning wages or a salary for security without the written consent of husband or wife, and a provision made for fines for violation of the provisions of the act, and, on second conviction, a revocation of the license.

It is contended that the exception in favor of banks and building associations violates the equality provisions of the federal and state constitutions, and the requirement of the state constitution that laws of a general nature shall be of uniform

Cain v. Loan Co.

operation throughout the state; also that the provision requiring the signature of wife or husband to an assignment of his or her salary as security is a violation of the right of contract.

At first blush there would seem to be much force in the first· contention, and that the discrimination between banks and building and loan associations on the one hand and all other persons,. partnerships and corporations on the other is fatal. But reflection upon the reasons for the law and the legislative knowledge upon which it was based places the matter in a different light.

The extortion practiced by a class of money lenders is a matter of common knowledge. And to prevent and punish such practices was the evident purpose of the enactment.

Now, it is just as notorious that banks and building associations, when making such loans, do so upon a reasonable interest,. and without charges for alleged services, or other subterfuges,. to increase the interest; and there are no complaints of their unlawful practices.

Furthermore, banks and building associations are under government and state control, are subject to inspection, and must make reports from time to time.

On the other hand, the lenders on chattels and salaries are often uncertain as to responsibility, residence, and management,, and of their practices there are frequent complaints.

It has been held in several states, and by the United States Supreme Court, that such conditions and distinctions may be recognized by the legislature, without violating the equality provisions of the constitution, and it may make a law applicable only where needed, the only requirement being that there should be no unreasonable or arbitrary classification.

It has been already held in Ohio that:

"The state may, in the exercise of the police power, license and regulate chattel mortgage and salary loan brokers." *Sanning* v. *Cincinnati*, 81 Ohio St. 142 [90 N. E. Rep. 125; 25 L. R. A. (N. S.) 686].

We think it may, in the just and reasonable exercise of that power, exclude a class of lenders who are already under state

and federal supervision and who habitually observe the proprie-
ties of conduct.

In the state of Delaware a similar law, with similar excep-
tions, was under consideration by the Supreme Court in the
case of *State* v. *Wickenhoefer*, 6 Pen. (Del.) 120 [64 Atl. Rep.
273]. The court, in its opinion, said:

"The legislature were the judges of the existence of such a
condition, and, acting upon the belief that it did exist, had the
power to enact such legislation as would be necessary to regulate
the business, provided it did not make any arbitrary or unrea-
sonable classification of the persons affected.  *  *  *

"It unquestionably had the right to determine where and
by whom the injurious business was engaged in, and confine the
operation of the law to such place and such persons, provided
the act affected all of such persons alike and did not make any
arbitrary and unreasonable classification of them."

A law of Wyoming, which was applicable only to loans of
less than $200, was not thereby unconstitutional, since it
recognized the fact that the abuses which the act was intended
to correct were confined to small loans.

Parties who were able to borrow larger sums usually gave
other security than household chattels and were able to protect
themselves.

See, also, *State* v. *Hurlburt*, 82 Conn. 232 [72 Atl. Rep.
1079]; *Mutual Loan Co.* v. *Martell*, 200 Mass. 482 [86 N. E.
Rep. 916; 128 Am. St. Rep. 446].

In the latter case the court said:

"The legislature might decide that the dangers that the stat-
ute was intended to prevent would not exist in any considerable
degree from the business of national banks or other companies
and institutions under the supervision of the bank commission,"
and "may be supposed to be aware of business done or likely to
be done by these corporations, and they may have believed
rightly that the business done by them would not need regula-
tion in the interest of employer and employes."

Other citations, quite in point, are given by Judge Rathmell
in his decision of this case in the common pleas court, *Cain* v.
*Loan Co.* 22 Dec. 377 (12 N. S. 441).

Cain v. Loan Co.

As to the ground urged against the law that the provision requiring an assignment of salary to be signed by the husband or wife is a violation of the right of separate contract, we think it is fully within the police power of the state to thus protect families from the improvidence of one member, as in the enactment of homestead and similar laws.

The judgment of the common pleas court in each case will be affirmed.

**Allread** and **Ferneding, JJ.,** concur.